UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURINDER BAINS,<br><br>            Plaintiff,<br><br>      v.<br><br>ADAMS, et al.,<br><br>            Defendants. | No.  2:23-0986 CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

On January 15, 2025, plaintiff filed a motion styled, "Motion to Withhold Consent to the Jurisdiction of Chi Soo Kim as Magistrate Judge Assigned to Case." (ECF No. 26 (citing Fed. R. Civ. P. 73(a).)  As discussed below, plaintiff's motion should be partially granted.

I. BACKGROUND

On June 1, 2023, plaintiff filed a form consenting to the "jurisdiction of a United States Magistrate Judge." (ECF No. 3.)  On April 16, 2024, defendants filed an answer. (ECF No. 14.)

On April 19, 2024, the Court issued a Discovery and Scheduling Order, which was modified on August 7, 2024 and November 12, 2024. (ECF Nos. 15, 19, 22.)  On October 7, 2024, defendants filed a motion to compel discovery. (ECF No. 20.)  On December 27, 2024, plaintiff was directed to file an opposition or statement of non-opposition to defendants' motion to compel discovery on or before January 11, 2025. (ECF No. 25.)

///

1

Plaintiff did not file an opposition or statement of non-opposition by January 11, 2025. Instead, under the mailbox rule, plaintiff filed his motion to withhold consent from the undersigned on January 10, 2025.[1] (ECF No. 26 at 13.) Plaintiff objects that he did not have notice or an opportunity to object to the reassignment of this case from Magistrate Judge Newman to the undersigned. (Id. at 3-4.) In addition to seeking an order withholding consent from the undersigned specifically, plaintiff seeks an order appointing a district judge to conduct all further proceedings in this matter. (Id. at 4.)

As of February 5, 2025, defendants have not filed a consent to the jurisdiction of a United States Magistrate Judge.

II.  MOTION TO WITHDRAW CONSENT

A.  Standards Governing Consent to a Magistrate Judge

Subject to some exceptions, a party to a federal civil case has a constitutional right to proceed before an Article III judge. Dixon v. Ylst, 990 F.2d 478, 479 (9th Cir. 1993) (citing Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc., 725 F.2d 537, 541 (9th Cir. 1984) (en banc), cert. denied, 469 U.S. 824 (1984)). This right can be waived, allowing parties to consent to trial before a magistrate judge. Id., 990 F.2d at 479-80; 28 U.S.C. § 636(c)(1). Once a civil case is referred to a magistrate judge under 28 U.S.C. § 636(c), the reference can be withdrawn only by the district court, and only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." Dixon, 990 F.2d at 480 (quoting Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir. 1984)); 28 U.S.C. § 636(c)(6); Fed. R. Civ. P. 73(b).

"Good cause" and "extraordinary circumstances" are high bars that are difficult to satisfy. Branch v. Umphenour, 936 F.3d 994, 1004 (9th Cir. 2019). "Neither mere dissatisfaction with a magistrate judge's decisions, nor unadorned accusations that such decisions reflect judicial bias, will suffice." Id. In a civil case, there is no absolute right to withdraw consent to trial and other

---

[1] Pursuant to the prison mailbox rule, a pleading filed by a pro se prisoner is deemed to be filed as of the date the prison delivered it to the prison authorities for mailing to the court clerk. See Houston v. Lack, 487 U.S. 266, 270 (1988); Douglas v. Noelle, 567 F.3d 1103, 1108-09 (9th Cir. 2009) (mailbox rule articulated in Houston applies to civil rights actions).

2

proceedings before a magistrate judge once a referral to the magistrate judge has been made under section 636(c).  Dixon, 990 F.2d at 480.

Nevertheless, in Gilmore, the Ninth Circuit held that "a party need not satisfy the good cause or extraordinary circumstances standard provided in 28 U.S.C. § 636(c)(4) in order to withdraw consent before all parties have consented."  Gilmore v. Lockard, 936 F.3d 857, 863 (9th Cir. 2019).  The Circuit interpreted the statutory text to find that § 636(c) did not apply before all parties had consented.  Id.; see also Parks v. Rohlfing, 2019 WL 6683141, at *2 (E.D. Cal. Dec. 6, 2019).  Rather, before all parties consent, the Circuit found that the magistrate judge's authority is derived from § 636(b)(1)(A), where "a judge [ ] designate[s] a magistrate judge to hear and determine any pretrial matter pending before the court," which does not require good cause or extraordinary circumstances to withdraw consent.  Gilmore, 936 F.3d at 863.  Thus, in cases where not all parties have consented, a district court should use its discretion to determine a request to withdraw consent, and the majority of courts have allowed such withdrawal in similar cases.  Id. (collecting cases).

B.  Discussion

Initially, the Court observes that contrary to plaintiff's arguments, he consented to the jurisdiction of a U.S. Magistrate Judge, not to a specific U.S. Magistrate Judge.  (ECF No. 3 at 1.)  As such, the Court construes plaintiff's motion as a motion to withdraw his consent to a U.S. Magistrate Judge.

Here, only plaintiff filed a consent form.  No other party has consented to the jurisdiction of a U.S. Magistrate Judge; accordingly, this case has not been referred to the undersigned for all purposes under § 636(c).  Thus, this case is analogous to Gilmore.  This case is in its early stages, and the parties are engaging in discovery.  The Court exercises its discretion and recommends that plaintiff's motion to withdraw consent be granted, and directs the Clerk of the Court to assign a district judge.  That said, the portion of plaintiff's motion seeking to have the district judge conduct all further proceedings in this action (ECF No. 26 at 6) should be denied.  In this district, Magistrate Judges perform all duties permitted under 28 U.S.C. § 636(b)(1)(A), including all dispositive and non-dispositive motions filed by prisoners in civil rights cases under 42 U.S.C.

§ 1983.  Local Rule 302(a), (c)(17).  Thus, while this case will be assigned a district judge who would conduct any trial in this action, the undersigned remains assigned to this case to address discovery motions and all other pretrial motions.  Dispositive motions will be addressed by findings and recommendations, which will then be reviewed by the district judge.  Therefore, the Court recommends that plaintiff's motion, construed as a motion to withdraw consent to a U.S. Magistrate Judge be partially granted.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case.

Further, IT IS RECOMMENDED that plaintiff's motion to withdraw consent (ECF No. 26) be partially granted:

1. Plaintiff's consent to a U.S. Magistrate Judge (ECF No. 3) be withdrawn.

2. Plaintiff's request to have the case referred to a district judge for all further proceedings (ECF No. 26 at 6) be denied.

3. This case be referred back to the undersigned for further proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 7, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/bain0986.wd+

4