UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURINDER BAINS, | No. 2:23-cv-0986 CSK P |
| Plaintiff, | |
| v. | ORDER |
| ADAMS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Defendants' motion to compel discovery remains pending. As discussed below, plaintiff is granted one final extension of time to respond to defendants' motion to compel discovery.

I.     PLAINTIFF'S ALLEGATIONS

This action proceeds on plaintiff's claims that defendants Anise Adams, Sgt. Bertolino, Sgt. F. Casillas, and Sgt. Fears were deliberately indifferent to the substantial risk of harm from COVID-19 in violation of the Eighth Amendment; their intentional acts or omissions allegedly caused plaintiff to become infected with COVID-19 on two separate occasions. (ECF No. 1.)

II.     BACKGROUND

On October 7, 2024, defendants filed a motion to modify the discovery order. (ECF No. 21.) On October 7, 2024, defendants filed a motion to compel discovery. (ECF No. 20.) Defendants seek to compel responses to defendants' Interrogatories Nos. 9, 10, 11, 12, 13, 14,

1   16, 17, 18, 19, 20, 21, 22, 23, 24, 25, and Requests for Production Nos. 6, 7, 8, 9, 10, 11, 12, 13,
2   14, 15, 16, 17, 18. (Id.) Plaintiff did not file an opposition to the motion to compel discovery. On
3   November 12, 2024, defendants' motion to modify the scheduling order was granted, the
4   scheduling order deadlines were vacated pending further order of Court, and plaintiff was ordered
5   to file an opposition or statement of no opposition within fourteen days. (ECF No. 22.)

6         Plaintiff again did not file an opposition to the motion to compel discovery, but rather
7   filed a motion for sanctions on December 6, 2024. (ECF No. 23.) On December 27, 2024,
8   plaintiff's motion for sanctions was denied, and he was again directed to file an opposition or a
9   statement of non-opposition to defendants' motion to compel discovery by January 11, 2025.
10  (ECF No. 25.)

11        Plaintiff then filed a motion to withhold consent to the jurisdiction of a magistrate judge.
12  (ECCF No. 26.) On February 11, 2025, this Court recommended that plaintiff's motion to
13  withdraw consent be granted, that plaintiff's request that this case be assigned only to a district
14  judge be denied, and that this matter be referred back to the undersigned. (ECF No. 27.) On
15  April 3, 2025, the district court adopted the findings and recommendations in full and referred the
16  case back to this Court. (ECF No. 28.)

17  II.    DISCUSSION

18        Defendants' motion to compel discovery has been pending since October 7, 2024, and
19  plaintiff has been granted two extensions of time to file an opposition. Considering the pendency
20  of plaintiff's motion to withdraw consent, plaintiff is granted one final extension of time to file an
21  opposition to defendants' motion to compel discovery. Plaintiff shall file his opposition or
22  statement of non opposition on or before April 25, 2025. Defendants' reply, if any, is due
23  fourteen days thereafter. Local Rule 230(l).

24        Plaintiff is advised that Local Rule 230(l) provides in part: "Failure of the responding
25  party to file written opposition or to file a statement of no opposition may be deemed a waiver of
26  any opposition to the granting of the motion . . . ." Id. Also, Local Rule 110 provides that
27  "[f]ailure . . . of a party to comply . . . with any order of the Court may be grounds for imposition
28  by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule

110. District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." <u>Thompson v. Hous. Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam).  Terminating sanctions may be warranted where "discovery violations threaten to interfere with the rightful decision of the case." <u>Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills</u>, 482 F.3d 1091, 1097 (9th Cir. 2007).

Finally, Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**.  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted a third and <u>final</u> opportunity to file an opposition to defendants' motion to compel discovery (ECF No. 20).  Plaintiff shall file an opposition or statement of non opposition to defendants' motion to compel discovery (ECF No. 20) on or before April 25, 2025.  Defendants' reply, if any, shall be filed fourteen days thereafter.

2. Plaintiff is cautioned that failure to file a timely opposition will be deemed as consent to have the:  (a) motion to compel discovery responses granted; (b) action dismissed for lack of prosecution; and/or (c) action dismissed based on plaintiff's failure to comply with these rules and a court order.  Said failure may result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

Dated:  April 8, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/bain0986.eot3

3