UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURINDER BAINS, | No. 2:23-cv-0986 CSK P |
| Plaintiff, | |
| v. | ORDER |
| ADAMS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Defendants' motion to compel discovery is before the Court. As discussed below, defendants' motion to compel is granted.

I.    PLAINTIFF'S ALLEGATIONS

This action proceeds on plaintiff's claims that defendants Anise Adams, Sgt. Bertolino, Sgt. F. Casillas, and Sgt. Fears were deliberately indifferent to the substantial risk of harm from COVID-19 in violation of the Eighth Amendment; their intentional acts or omissions allegedly caused plaintiff to become infected with COVID-19 on two separate occasions. (ECF No. 1.)

II.   BACKGROUND

On October 7, 2024, defendants filed a motion to modify the discovery order. (ECF No. 21.) On October 7, 2024, defendants filed a motion to compel discovery. (ECF No. 20.) Plaintiff did not file an opposition to the motion to compel discovery. On November 12, 2024, defendants' motion to modify the scheduling order was granted, the scheduling order deadlines

1

1 were vacated pending further order of Court, and plaintiff was ordered to file an opposition or
2 statement of no opposition within fourteen days. (ECF No. 22.)
3   Plaintiff again did not file an opposition to the motion to compel discovery, but rather
4 filed a motion for sanctions on December 6, 2024. (ECF No. 23.) On December 27, 2024,
5 plaintiff's motion for sanctions was denied, and he was again directed to file an opposition or a
6 statement of non-opposition to defendants' motion to compel discovery by January 11, 2025.
7 (ECF No. 25.)
8   Plaintiff then filed a motion to withhold consent to the jurisdiction of a magistrate judge.
9 (ECCF No. 26.) On February 11, 2025, this Court recommended that plaintiff's motion to
10 withdraw consent be granted, that plaintiff's request that this case be assigned only to a district
11 judge be denied, and that this matter be referred back to the undersigned. (ECF No. 27.) On
12 April 3, 2025, the district court adopted the findings and recommendations in full and referred the
13 case back to the undersigned. (ECF No. 28.)
14   By order filed April 9, 2025, the Court granted plaintiff one final opportunity to file an
15 opposition to the motion to compel. (ECF No. 29.) On April 30, 2025, plaintiff filed an
16 opposition, and on May 15, 2025, defendants filed a reply. (ECF Nos. 30, 31.)
17 III. MOTION TO COMPEL
18   A. The Parties' Positions
19   Defendants seek to compel responses to defendants' Interrogatories Nos. 9-14 and 16-25,
20 and Requests for Production Nos. 6-18, arguing that plaintiff failed to respond to Interrogatory
21 No. 11, and provided inadequate responses to the remaining discovery requests. (ECF No. 20.)
22   Plaintiff contends it is "inappropriate to require him to guess about information that is
23 both 'insufficiently designated' by defendants in their discovery requests." (ECF No. 30 at 2.)
24 Plaintiff objects that defendants' discovery requests relied on ECF pagination, and plaintiff does
25 not subscribe to the ECF system and therefore cannot rely on the page numbers used by
26 defendants in their discovery requests. (Id. at 3.) As to Interrogatories Nos. 9-25, plaintiff
27 contends defendants "alluded to requested information by page numbers that did not correspond
28 to any such information referenced." (Id.) Plaintiff claims the Requests for Production Nos. 6-18

"sought items or other matter that was 'insufficiently designated' to allow any reasonable or factually accurate response to the requests as presented by defendants." (Id. at 4.) Plaintiff objects that requiring him to respond would require him to "guess[] as to a crucial element posed by the question itself, including something seemingly innocuous as a page number that does not appear to exist, is too hazardous to [his] potential legal interests, especially when it can be so easily clarified." (Id.) Plaintiff acknowledges he is familiar with his complaint. (Id.)

In reply, defendants contend plaintiff's argument concerning the page numbering lacks merit and legal support because each discovery request included direct quotes from plaintiff's complaint, "ensuring clear identification of the specific portions of the complaint for which defendants seek information." (ECF No. 31 at 2.) Defendants argue that while they are not required to cite page numbers in discovery requests, the use of ECF page numbers is standard practice in federal courts to ensure consistency and accuracy." (Id.) Defendants contend that all of the discovery requests seek information relevant to their defenses or plaintiff's claims, and plaintiff offered no valid basis for refusing to respond and does not indicate no responsive information exists. (Id.) Because plaintiff's refusal to respond obstructs defendants' ability to conduct discovery, defendants ask the Court to grant the motion to compel and order plaintiff to provide complete responses without objection.

B. Governing Rules

A motion to compel may be made if "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Rules 33 and 34 require that a responding party serve its answers and any objections to interrogatory requests and respond in writing to any production requests within 30 days after being served with the requests, unless a different timeframe is stipulated to or ordered by the court. See Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Unless the court orders otherwise, to serve a party that is represented by an attorney, service must be made to the attorney. See Fed. R. Civ. P. 5(b)(1) and (b)(2)(A)-(F).

///

C. <u>Discussion</u>

Defendants are not required to provide page numbers in discovery requests. Plaintiff provides no legal authority supporting his position that the defendants' reference to ECF pagination relieves plaintiff of his obligation to respond in good faith to discovery requests. Further, because plaintiff inserted a "page 1-A" following the first page of his complaint, the physical page numbers of his complaint actually mimic the pagination provided by the ECF system, despite plaintiff's purported alteration of the page numbering. In other words, the physical fourth page of plaintiff's complaint is correctly identified as ECF page 4. Importantly, each question in Interrogatories Nos. 9-14 and 16-25, and each request in Requests for Production Nos. 6-18, include direct quotes from plaintiff's complaint, making it clear what information defendants sought. Further, the complaint is only 11 pages long, with the core part bearing plaintiff's allegations consisting of only 5 pages, and the ECF pagination is only one page off from the altered pagination used by plaintiff. Finally, plaintiff acknowledges he is familiar with his own complaint. (ECF No. 30 at 4.)

The Court finds plaintiff's objections to be disingenuous and not supported by legal authority. The Court reviewed the discovery requests at issue and finds that each request seeks information relevant to plaintiff's claims, particularly where each request directly quotes from plaintiff's complaint. <u>See</u> Fed. R. Civ. P. 26(b)(1) (scope of discovery), 33(a)(2), 34(a). Plaintiff failed to articulate any specific, legally valid objection to a particular discovery request, and wholly failed to respond to Interrogatory No. 11. Therefore, defendants' motion to compel is granted. Within thirty days from the date of this order, plaintiff shall provide complete responses to defendants' Interrogatories Nos. 9-14 and 16-25, and Requests for Production Nos. 6-18, without objection. In an abundance of caution, the Clerk of the Court is directed to send plaintiff a copy of his complaint bearing the ECF pagination numbers.

Plaintiff is cautioned that he is required to cooperate in discovery. Failure to cooperate in discovery may result in the imposition of sanctions, including, but not limited to, a recommendation that this action be dismissed. <u>See</u> Fed. R. Civ. P. 37(b)(2)(A) (sanctions may be imposed for failure to comply with a discovery order); Fed. R. Civ. P. 37(d)(3) (sanctions may be

imposed for failure to serve answers to interrogatories or to respond to request for production of documents).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel discovery (ECF No. 20) is granted.

2. Within thirty days from the date of this order, plaintiff shall provide complete responses to defendants' Interrogatories Nos. 9-14 and 16-25, and Requests for Production Nos. 6-18, without objection. Failure to comply with this order may result in the imposition of sanctions, including a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff a copy of his complaint (ECF No. 1) bearing the ECF pagination numbers.

Dated: May 23, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/bain0986.mtc