UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SURINDER BAINS,

Plaintiff,

v.

ADAMS, et al.,

Defendants.

No.  2:23-cv-0986 CSK P

ORDER AND REVISED SCHEDULING ORDER

Plaintiff is a former state prisoner proceeding pro se.  Defendants' motion to modify the scheduling order is before the Court.  As set forth below, defendants' motion is granted.

I.      BACKGROUND

On January 26, 2026, plaintiff filed a notice of change of address, indicating his release from state custody.  (ECF No. 33.)

On February 4, 2026, the Court sua sponte issued a revised scheduling order, noting that no discovery motions had been filed since the last motion to compel discovery was addressed on May 23, 2025 (ECF No. 32), and finding discovery was closed.  (ECF No. 34.)

On February 24, 2026, the Court denied plaintiff's motion to compel discovery as untimely, based on the February 4, 2026 order.  (ECF No. 36.)

On March 3, 2026, defendants filed a motion to modify the scheduling order for the limited purpose of deposing plaintiff, and extending the pretrial motions deadline to allow the

1

parties additional time to prepare dispositive motions after plaintiff's deposition.  (ECF No. 37.)  Defendants stated that they did not anticipate that the Court would close discovery without setting a new deadline, after the Court indicated that the deadline was vacated pending further order of the Court.  (Id., citing ECF No. 22.)  In addition, defendants contend the modification is warranted based on the difficulties defendants encountered in obtaining discovery responses from plaintiff, noting plaintiff's deposition had to be postponed due to such difficulties.  (ECF No. 27 at 5 (citing ECF No. 22 at 2:26:3-6).)

II.     GOVERNING STANDARDS

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

III.    DISCUSSION

Defendants state they received plaintiff's discovery responses on June 26, 2025, and no further motions to compel were required.  Defendants claim they "had planned to take plaintiff's deposition at the end of the discovery period."  (ECF No. 37 at 2.)  But this does not explain their eight month delay in deposing plaintiff, or their almost one month delay in bringing the instant motion.  Neither party informed the Court that the discovery had been timely provided.

Because defendants believed a new deadline for discovery would be set, and it appears plaintiff also intended to file a motion to compel discovery, defendants' motion is granted. However, this case was filed in February 2023, and given the lengthy time the parties have had to conduct discovery, as well as the written discovery that has already been propounded and provided, the Court does not find good cause to extend the deadline to propound new written discovery.  Rather, the discovery deadline is extended for thirty days for the limited purpose of allowing plaintiff to file a motion to compel responses to written discovery he has already

propounded, if any, and to allow defendants to take plaintiff's deposition.  Plaintiff is cautioned that he is required to appear for and cooperate in the deposition.  Failure to do so may result in the imposition of sanctions, including a recommendation that this action be dismissed.  The pretrial motions deadline will be extended 45 days after the close of discovery.

The parties are advised that this Court is not inclined to entertain additional requests to modify the scheduling order.

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendants' motion to modify the scheduling order (ECF No. 37) is granted.

2.  Discovery is reopened for the limited purpose of allowing plaintiff to file a motion to compel responses to written discovery he has already propounded, if any, and to allow defendants to take plaintiff's deposition.

3.  The revised discovery deadline is April 7, 2026.

4.  The pretrial motions deadline is extended to May 22, 2026.

Dated:  March 6, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/bain0986.16b.rev

3